Filed 2/9/15  P. v. Miles CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C076125 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF132229) |
| v. | |
| TERRANCE ANTHONY MILES, | |
| Defendant and Appellant. | |

A jury found Terrance Anthony Miles guilty of assaulting V. (the victim) with a deadly weapon, causing her great bodily injury.  The evidence in the People's case-in-chief was that a police officer saw defendant hit the victim in the head with a stick near the doorway of a motel in West Sacramento after the victim and defendant had had a conversation.  The victim's husband was there and tried to provide her medical care.  The defense case, as provided by defendant's testimony, was that the victim called him " 'the 'N' word" and raised a closed fist toward him.  When he blocked it, she tried to hit him with her other hand.  The victim continued coming toward him, so defendant reached for

1

his "security stick" on the side of his bed and told her to get out of his apartment now. She called him the "N" word again and made two fists, "taking a fighting stance," and "jabbed at [him]." Then defendant hit her in the head with his stick. In rebuttal, the victim's husband testified that he did not see the victim try to hit or physically contact defendant and did not hear the victim utter any racial epithets. Defendant and the victim did "g[e]t into a verbal thing" "but finally [defendant] got back in his room, and for some reason, he came out of the door with a club and hit her in the back of the head." In 2005, the husband was convicted of corporal injury to the victim.

On appeal, defendant contends: (1) his counsel was ineffective for failing to object to the testimony of the victim's husband as his testimony was not a proper subject for rebuttal; and (2) the trial court erred in excluding two other prior convictions of the victim's husband.

We affirm the judgment, concluding: (1) the rebuttal testimony of the victim's husband was proper rebuttal against defendant's claim of self-defense; and (2) the court did not abuse its discretion in excluding the husband's prior convictions because they were remote, occurring in 1968 and 1976.

## DISCUSSION

### I

*Trial Counsel Was Not Ineffective For Failing To Object To The Husband's Testimony Rebutting Defendant's Claim Of Self-Defense*

Defendant contends his counsel was ineffective for failing to object to the testimony of the victim's husband as his testimony should have been presented in the People's case-in-chief. We disagree.

"[P]roper rebuttal evidence . . . is . . . evidence made necessary by the defendant's case in the sense that he has introduced new evidence or made assertions that were not implicit in his denial of guilt." (*People v. Carter* (1957) 48 Cal.2d 737, 753-754.) Here, simply by pleading guilty, defendant did not assert a claim of self-defense. It was only

2

during his case that defendant testified the victim was the initial aggressor. Specifically, defendant testified that the victim called him " 'the 'N' word," raised a closed fist toward him, and when he blocked it, she tried to hit him with her other hand. The victim continued coming toward him, so defendant reached for his stick. Undeterred, she called him the "N" word again, made two fists, and "jabbed at [him]." Then defendant hit her in the head with his stick. It was after this testimony and in rebuttal that the victim's husband testified that he did not see the victim try to hit or physically contact defendant and did not hear her utter any racial epithets. Thus, the husband's testimony was appropriate to rebut defendant's claim of self-defense, and counsel was not ineffective for failing to object to it.

## II

### *The Trial Court Acted Within Its Discretion To Exclude*
### *The Husband's Prior Convictions From 1968 and 1976*

Defendant contends the trial court abused its discretion in excluding from evidence the husband's 1968 conviction for a lewd act on a child and a 1976 conviction for voluntary manslaughter. The trial court ruled they were too remote.

This ruling was within the court's discretion. The California Supreme Court has ruled that a trial court did not abuse its discretion in excluding the 22-year-old prior conviction for voluntary manslaughter of a testifying witness, explaining as follows: "It was altogether reasonable for the court to conclude that the conviction was 'highly prejudicial' and only 'marginally relevant' 'because of the remoteness of time.' Surely, another court might have concluded otherwise. That fact, however, reveals nothing more than that a reasonable difference of opinion was possible. Certainly, it does not establish that the court here 'exceed[ed] the bounds of reason . . . .' " (*People v. Clair* (1992) 2 Cal.4th 629, 655.)

The same is true here. It was within the bounds of reason to conclude that felony convictions of the husband that were over 30 to 40 years old were too remote in time to

be probative of his moral turpitude for impeachment purposes.  The husband was not cloaked in a false aura of credibility, however, as the court did admit the recent 2005 conviction of corporal injury to the victim.

DISPOSITION

The judgment is affirmed.


          ROBIE          , Acting P. J.


We concur:


       MURRAY        , J.


       HOCH         , J.